UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTRASTATE DISTRIBUTORS INC.,

      Plaintiff,                     Case No. 2:21-cv-10369
                                       District Judge Judith E. Levy
v.                                Magistrate Judge Kimberly G. Altman

ALANI NUTRITION, LLC,

      Defendants.

_____/

**<u>REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DISMISS OR ALTERNATIVELY TRANSFER VENUE
(ECF No. 12)</u>**

I.  Introduction

      This is a breach of contract case.  Plaintiff Intrastate Distributors, Inc.,

("IDI") alleges that defendant, Alani Nutrition, LLC wrongfully terminated the

parties' distribution agreement.  (ECF No. 1-2).  According to the complaint,

Alani, a Kentucky-based company, contracted to give IDI, a Michigan-based

corporation, the exclusive right to distribute energy drinks within a territory

consisting of several counties in Michigan.  (*Id*.).  Alani allegedly terminated the

agreement without cause and prior to the contractual period in which cause was not

needed to terminate the agreement.  (*Id*.).

1

IDI originally brought suit in a Michigan state court, but Alani removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1).  Alani now moves to dismiss or, alternatively, transfer the matter to Kentucky, based on the distribution agreement's forum selection clause favoring jurisdiction and venue in that state.  (ECF No. 12).  IDI argues that the forum selection clause is permissive, not mandatory, and that the traditional transfer analysis favors its choice of Michigan courts.  (ECF No. 16).  The motion was referred under 28 U.S.C. § 636(b)(1)(B) to the undersigned, and a hearing was held on May 19, 2021.  (ECF Nos. 14, 17).  After considering the parties' papers and arguments, the undersigned recommends that Alani's motion be DENIED.

## II.  Background

On June 1, 2020, IDI and Alani entered into a distribution agreement for the marketing, distribution, and sale of Alani's energy drinks.  *See* ECF No. 9-1.  The Agreement was effective for three years unless terminated in accordance with the Agreement.  (*Id*., PageID.210).  Under the Miscellaneous heading, the agreement contained a provision regarding choice of law, jurisdiction, and venue, which reads as follows:

> Applicable Law; Jurisdiction and Venue. This Agreement shall be construed under, and governed by, the laws of the State of Kentucky. The parties agree that jurisdiction and venue for any legal proceedings arising from or in any way connected to this Agreement will lie in the

State of Kentucky, and both parties hereby submit and consent to the jurisdiction and venue of said courts.  If any portion of this Agreement itself is contrary to law, the remaining provisions shall remain valid.

(ECF No. 9-1, PageID.219).

## III.  Legal Standard

Where a case is said to be filed in contravention of a forum selection clause, the Court has the discretion to either dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or to transfer the case in accordance with 28 U.S.C. § 1404.  *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014) ; *see also Kelly v. Liberty Life Assurance Co. of Boston*, No. CV 17-139-DLB, 2018 WL 558643, at *4 (E.D. Ky. Jan. 25, 2018) (stating that, pursuant to *Smith*, "this Court is permitted to dismiss the matter under Rule 12(b)(6), but not required to do so.  Pursuant to 28 U.S.C. § 1404(a), it may also transfer the matter to the appropriate federal forum"); *Transp. Sys., LLC v. Amazon*, No. 18-CV-11286, 2018 WL 5043726, at *1 (E.D. Mich. Oct. 17, 2018) (noting discretion to dismiss under Rule 12(b)(6) or *forum non conveniens* doctrine).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

3

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

IV.  Analysis

A.  Interpretation of the Forum Selection Clause

1.  General

Though Alani did not address it, IDI correctly notes that the threshold issue is whether Kentucky law applies to the issue of interpretation of the forum selection clause, or whether it is governed by federal common law or some other source. (ECF No. 16, PageID.300-302). Most Circuits distinguish the interpretation of a forum selection clause – whether it is mandatory or permissive –

4

from its enforceability – "whether compelling compliance with the clause is 'unreasonable' under the circumstances."[1]  *Collins On behalf of herself v. Mary Kay, Inc*., 874 F.3d 176, 181 (3d Cir. 2017) (internal quotation omitted).  In making this distinction, the majority of Circuits have ruled that the law governing the contract, generally meaning that of its choice of law provision, governs the interpretation of the forum selection clause.  *See id*.; *Martinez v. Bloomberg LP*, 740 F.3d 211, 217–18 (2d Cir. 2014); *Barnett v. DynCorp Int'l, L.L.C*., 831 F.3d 296, 308 (5th Cir. 2016); *Albemarle Corp. v. AstraZeneca UK, Ltd*., 628 F.3d 643, 643 (4th Cir. 2010); *Abbott Labs v. Takeda Pharm. Co*., 476 F.3d 421, 423 (7th Cir. 2007); *Dunne v. Libbra* 330, F.3d 1062, 1064 (8th Cir. 2003); *Milanovich v. Costa Crociere, S.P.A*., 954 F.2d 763, 767 (D.C. Cir. 1992); *but see Manetti-Farrow, Inc. v. Gucci Am., Inc*., 858 F.2d 509, 513 (9th Cir. 1988) (applying federal law to interpret forum selection clauses).  No cases were found applying the law of the forum state (here, Michigan) to the interpretation of a forum selection clause.

In the Sixth Circuit, courts have held that "the *enforceability* of the forum selection clause is governed by federal law."  *Wong v. PartyGaming Ltd*., 589 F.3d 821, 828 (6th Cir. 2009) (emphasis added).  Some courts have interpreted *Wong* as

---

[1] IDI does not argue that the clause is unreasonable.

5

standing for the application of federal common law to the interpretation of the clause, as well. *See 679637 Ontario Ltd. v. Alpine Sign & Printer Supply, Inc*., 218 F. Supp. 3d 572, 576 (E.D. Mich. 2016); *Holtzman v. Vill. Green Mgmt. Co. LLC*, 2020 WL 264331, at *6 (E.D. Mich. Jan. 17, 2020); *Kessler v. Direct Consulting Assocs. LLC*, 2018 WL 7890862, at *3 (E.D. Mich. July 6, 2018). But at least one court found that "the scope or meaning of the forum selection clause in *Wong* was not at issue" and held that the contract's choice of law would govern. *Lanier v. Syncreon Holdings, Ltd*., 2012 WL 3475680, at *5-6 (E.D. Mich. Aug. 14, 2012); *see also Global Link, LLC v. Karamtech Co*., 2007 WL 1343684, at *2 (E.D. Mich. May 8, 2007) (decided before *Wong*, holding that Korean law applies to interpretation of forum selection clause where the parties agreed that Korean law would govern the contract).

IDI contends that the same result would be reached following either Kentucky or federal law, as the relevant standards of contract interpretation are the same. *See, e.g., Kentucky Spirit Health Plan, Inc. v. Commonwealth Fin. & Admin. Cabinet*, 2015 WL 510852, at *4 (Ky. Ct. App. Feb. 6, 2015), as modified (Aug. 7, 2015) ("The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention. In the case of a written contract, we first look to the parties' written agreement to ascertain their

intent."); *679637 Ontario Ltd.*, 218 F. Supp. 3d at 576 ("Federal common law directs that forum selection clauses are to be interpreted by reference to ordinary contract principles.  Such contract interpretation principles require that courts 'first look to a contract's plain language.' ").  The Court agrees, and thus need not decide whether Kentucky or federal common law properly applies in this Circuit.[2]

## 2.  Application

The disagreement between the parties boils down to whether the forum selection clause is mandatory or permissive.  *See Rivera v. Centro Medico de Turabo*, 575 F.3d 10, 17 (1st Cir. 2009) ("Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory.").  "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere," whereas "[m]andatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum."  *Ross v. Safeco Ins. Co. of Illinois*, No. 5:12-CV-151, 2013 WL 12250349, at *2 (W.D. Ky. Jan. 16, 2013) (quoting 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3803.1).

---

[2] *See Wong v. PartyGaming Ltd.*, 589 F.3d at 827 n.4 (citing cases).

The pertinent language of the forum selection clause in question is as follows:

> The parties agree that jurisdiction and venue for any legal proceedings arising from or in any way connected to this Agreement *will lie* in the State of Kentucky, and both parties hereby submit and consent to the jurisdiction and venue of said courts.

(ECF No. 9-1, PageID.219) (emphasis added).  Alani contends that this language renders the jurisdiction and venue mandatory, whereas IDI contends that there is no "clear language" that the jurisdiction and venue selections are "exclusively" appropriate, citing *Ross* at *2.  If the language is not sufficiently exclusive, the forum selection clause will properly be read as allowing and waiving objection to venue in the Kentucky courts, but not requiring that an action be brought there if there are other legally suitable venues.

Alani relies in large part on the Michigan case of *Kuhlman v. TDP Cap. Access, LLC*, No. 291348, 2010 WL 2793565 (Mich. Ct. App. July 15, 2010), for support.  Though not binding because it is not based on either Kentucky or federal law, *Kuhlman* is generally persuasive and on point, as the forum selection clause in that matter also provided that jurisdiction and venue "will lie in" the specified courts in Colorado.  *Id*. at *3.  The *Kuhlman* court considered rulings from outside jurisdictions in concluding that the language in question was mandatory, not permissive.  However, as IDI notes, not all of the cases *Kuhlman* relied upon stand

8

for the same proposition.   For instance, the *Kuhlman* court relied on *Leasing Serv. Corp. v. Graham,* 646 F. Supp. 1410, 1413, 1415 (S.D.N.Y. 1986) for the proposition that "signed leases, which specified that jurisdiction and venue will lie in New York, resulted in the complaining party submitting to jurisdiction in New York."  *Id*.  However, in *Leasing Service* the court did not state that the leases in question contained the language that venue "will lie" in a forum, nor did it deal with the permissive versus mandatory distinction.  *See Leasing Serv.* at 1415. Likewise, the *Kuhlman* court cited *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989), but there, the forum selection clause stated that "[v]enue of any action brought hereunder *shall be deemed* to be in Gloucester County, Virginia."  *Docksider*, at 763 (emphasis added).  "Shall be" is more commonly accepted among several courts to be mandatory language, as will be further discussed below.  The third case, *Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, at *1 (W.D. Wash. June 6, 2006), dealt with a clause providing that "venue … will reside in" a certain county.  The *Merrell* court found that "when a forum selection clause uses mandatory language like 'will' or 'shall' in conjunction with a choice of 'venue,' the clause is not permissive."  *Id*., citing

*Docksider*, at 764.[3]  Thus, the clause in question was found to be mandatory.  IDI argues that *Merrell* is distinguishable because this language was given short shrift and was not necessary to the case's central holding.  While it is true that the *Merrell* court only devoted brief space to the discussion, the court would not have needed to move to the next step, whether the clause was ambiguous and allowed for removal to federal court, if the clause was permissive rather than mandatory. Thus, the finding in *Merrell* was not mere dictum.

> The *Kuhlman* court went on to analyze the words in question:
>
> > The definition of "will" generally contains the affirmative word "am," such as "am (is, are, etc.) expected or required to," and the definition of "lie" sets forth affirmatively "to consist or be grounded (usu. fol. by *in* )." *Random House Webster's College Dictionary* (1997).  We also recognize that the definition of "lie" includes "*[l]aw.* to be sustainable or admissible, as an action or appeal," *id.,* which suggests a permissive meaning.  Nevertheless, we find that the phrase "will lie in," as set forth in the contractual provision in this case, provides a mandatory provision and not a permissive one.

*Id.*, at *3.  Thus, because the word *will* denotes an expectation or requirement, and the word *lie* can likewise set forth an affirmative requirement, the clause in *Kuhlman* was found to be mandatory, despite the court acknowledging that a competing definition of *lie* – the legal definition, no less – has a permissive meaning.

---

[3] As noted *supra*, *Docksider* did not consider whether "will" constitutes mandatory language.

10

Alani cites two other cases, unrelated to forum selection clauses specifically, stating that "will" indicates a mandatory provision or obligation.  *See Ball v. Ball*, 478 P.3d 704, 708 (Ariz. Ct. App. 2020); *Monadnock Reg'l Sch. Dist. v. Monadnock Dist. Educ. Ass'n*, NEANH, 242 A.3d 789, 797 (N.H. 2020).  These cases are less persuasive, due to the nature of jurisdiction and venue, which can properly lie in more than one forum.

Despite *Kuhlman*, to say that jurisdiction and venue *will lie* in Kentucky is not necessarily to say that it will not also lie elsewhere, even taking the word "will" to indicate that there is no question the specified forum is proper.  Further, other cases note that "will" has permissive definitions as well.  Notably, in considering the statutory language governing payment of a fee for reinstatement to the state bar, the Supreme Court of Kentucky wrote:

> We do not construe the phrase "[a]ny additional costs *will* be paid by Applicant" as equivalent to "any additional costs *shall* be paid by Applicants."  The word "shall," of course, denotes a mandate.  SCR 3.510(1), however, uses the term "will," which *Merriam-Webster* defines in a number of context, including as an auxiliary verb used: (1) "to express desire, choice, willingness, consent;" (2) "to express frequent, customary, or habitual action or natural tendency or disposition;" and (3) "to express futurity."

*Roberts v. Kentucky Bar Ass'n*, 531 S.W.3d 15, 18-19 (Ky. 2017) (footnotes omitted).  Thus, Kentucky law recognizes the distinction between "will" and "shall" can be legally significant.

11

Similarly, the Supreme Court of Washington found that in the context of the state's permitting authority under the Fish and Wildlife Code, "the ordinary meaning of the word 'will' operates as a prediction, not a prophecy." *Spokane Cty. v. Dep't of Fish & Wildlife*, 192 Wash. 2d 453, 460, 430 P.3d 655 (2018).  Writing in concurrence, Justice McCloud expanded on the discussion of the word:

> In general, when used as a directive, "will" is actually mandatory and implies a mandatory requirement. … But "will" is complicated, and it is more than just a directive verb. … Several dictionaries state that "will" can be a statement of future tense, of "strong intention or assertion about the future," or a "probability or expectation about something...."  Another meaning of "will"—whereas here it is used as a nondirective, predictive, verb—is "inevitability."  But still another meaning of "will" in this context is "probability."  In fact, in the *Merriam-Webster Online Dictionary* cited, the "probability" definition precedes the "inevitability" definition (by one).  And yet another meaning of "will" is "capable of" or "can," which requires no prediction at all about the certainty of the occurrence.  Given the variety of definitions, we need to look at the context in which "will" is used here.

*Id*., at 466-467. [4]

---

[4] Though implementing statutory, as opposed to contract, interpretation, *Roberts* and *Spokane County* are informative because the initial standard of review is the same, i.e. determining the plain and ordinary meaning of the language.  *See Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 385 (6th Cir. 2009) ("courts should analyze the statutory language and '[r]esort must be had first to the words, which are decisive if they are clear.' ") (quoting *Stephenson v. Woodward,* 182 S.W.3d 162, 170 (Ky. 2005)); *In re Guardianship of Beecher*, 130 Wash. App. 66, 70–71, 121 P.3d 743 (2005) ("A court looks first at a statute's plain language to determine legislative intent.").

Part of the context, in this case, is the choice of law provision in the same paragraph of the contract, directly preceding the forum selection clause, which states: "This Agreement **shall** be construed under, and governed by, the laws of the State of Kentucky." (ECF No. 9-1, PageID.219) (emphasis added). In similar clauses, courts have found that the words "shall be" in the choice of law provision, followed by a jurisdiction and venue provision without those words, indicates a mandatory choice of law provision and a permissive forum selection clause. *See, e.g., Dunne v. Libbra,* 330 F.3d at 1064 ("Unlike the immediately preceding choice of law provision, which unambiguously mandates the application of Illinois law for the purpose of construing the contract, the forum selection clause does not employ the term 'shall' "); *Barshaw v. Allegheny Performance Plastics, LLC*, No. 350279, --- N.W.2d ---, 2020 WL 6930058, at *8 (Mich. Ct. App. Nov. 24, 2020) ("in the choice-of-law provision, the contract employs the word 'shall,' evidencing that the parties understood how to use mandating language. Conversely, the conscious lack of the same mandating language in the forum-selection clause leads us to conclude that the clause was intended by the parties to be permissive");[5] *Zukas Integrated*

---

[5] *Barshaw* is a published opinion of the Michigan Court of Appeals, which under Mich. Ct. R. 7.215(C)(2) "has precedential effect under the rule of stare decisis." As plaintiff's counsel noted at oral argument, *Barshaw* was decided over ten years after the Michigan Court of Appeals' decision in *Kuhlman*, an unpublished matter. Had it come first, it may have led the *Kuhlman* court to the opposite conclusion, as

*Mktg. Sols., LLC v. Captivate Network*, 2011 WL 4889110, at *3 (E.D. Mich. Oct. 13, 2011) ("the 'shall be governed' language emphasized by defendant applies only to the applicable law rather than the forum.  The court reads the clause at issue as providing that Massachusetts law must be applied to disputes arising from the agreement and that actions arising from the agreement may be brought in Massachusetts.").

IDI argues that this indicates the forum selection clause is unambiguously permissive:

> If the parties intended "will" to have the same meaning as "shall", they could have simply used the word "shall" in the forum-selection clause as they did in the immediately preceding choice-of-law provision. Instead, they opted to use the word "will" and to combine it with the word "lie", which carries a permissive meaning as explained above. The fact that the parties consciously chose to use the phrase "will lie" instead of "shall be" must be given meaning and effect. *See Kentucky Spirit Health Plan*, 2015 WL 510852, at *4 ("we attempt to divine intent from the scope of the entire agreement, not by relying simply on individual terms or phrases examined in isolation"); *see also Zukas* and *Barshaw, supra*.

(ECF No. 16, PageID.310).

IDI relies most convincingly on a federal case from New York, *Deluca v. GPB Auto. Portfolio, LP*, No. 19-CV-10498 (LAK), 2020 WL 7343788 (S.D.N.Y. Dec. 14, 2020), which like *Kuhlman* analyzed a forum selection clause with similar

---

the clause in that matter employed the phrase "shall be governed" in its choice of law provision, but "will lie in" in its forum selection provision.

language to that of this matter.  In *Deluca*, the clause read: "Venue for any

litigation arising out of under, or in connection with this Agreement will lie in the

state courts having jurisdiction over such matters located in New York County,

New York."  *Id*., at *10.  The court first noted that venue is defined as a "proper or

a possible place for a lawsuit to proceed."  *Id*., at *12 (quoting *Venue, Black's Law

Dictionary* (11th ed. 2019)).  It then noted that in the present context, "lie" means

"[t]o have foundation in the law; to be legally supportable, sustainable, or proper."

*Id*. (quoting *Lie, Black's Law Dictionary* (11th ed. 2019)).  Combined, the *Deluca*

court found that this established a New York County state court as a "proper or

possible place," but not an exclusive place, for lawsuits arising out of the

agreement to proceed.  *Id*.

Defendants in *Deluca* argued that "will," like "shall," renders a clause

mandatory, but the court stated that the two words "are not interchangeable," and

that the phrase "will lie" had not been found to indicate a clear indication of intent

regarding exclusion in any New York case.  *Id*.  Stating that venue "shall be" in a

forum would more clearly exclude other forums, but the language "venue will lie"

indicated a permissive forum selection clause to the court.  *Id*.

In its reply, Alani cites two additional cases regarding the word 'will.'  In

*Sybac Solar AG v. Sybac Solar, LLC*, one English interpretation of the German

15

clause at issue stated that "legal venue for any and all disputes in connection with this contract *will be* Mayen, [Germany]."  2012 WL 6814193, at *5 (M.D. Fla. Oct. 22, 2012), *report and recommendation adopted,* 2013 WL 104912 (M.D. Fla. Jan. 9, 2013) (emphasis in original).  In finding this to be a mandatory clause, the court stated that "will" is "[a]n auxiliary verb commonly having the mandatory sense of shall or must."  *Id*. (citing *Black's Law Dictionary,* 6th ed.).  Likewise, the First Circuit has found "that the plain meaning of the phrase 'will be submitted' " in such a clause means "that the course of action is required, not discretionary." *Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 12 (1st Cir. 2001). Though notable, these authorities are less persuasive than *Deluca* and *Roberts*, in that they did not consider more than one potentially applicable definition of the word "will," and more importantly, did not consider the phrase "will lie in," as is used here.

In a case not cited by either party, *Irsik & Doll Feed Servs., Inc. v. Roberts Enterprises Invs., Inc.*, No. 6:16-1018-EFM-GEB, 2016 WL 3405175 (D. Kan. June 21, 2016), a federal court in Kansas surveyed a number of cases within the Tenth Circuit, finding the following examples of both mandatory and permissive forum selection clauses:

> Examples of mandatory forum-selection clauses include the following (with emphases added):

- "the Courts of the State of Colorado ... **shall be** the **exclusive forum.**"

- "Jurisdiction **shall be** in the State of Colorado, and venue **shall lie** in the County of El Paso, Colorado."

- "Rockwall County, Texas is **exclusively** where venue will lie."

- "venue ... **shall lie only** in the Seller's state and county."

- "The **sole and exclusive** jurisdiction ... **shall be** the United States District Court, Northern District of Illinois, Eastern Division."

- "jurisdiction and venue ... **shall lie exclusively** in the state of Kansas District Court of Sedgwick County, Kansas."

Examples of forum-selection clauses permissively granting jurisdiction include the following (with emphases added):

- "an action **may** be maintained in the State of Kansas and the County of Wyandotte"

- "Jurisdiction for ... disputes ... is Munich."

- "jurisdiction and venue of any action ... **shall properly lie** in the Circuit Court of the Thirteenth Judicial Circuit [or] the United States District Court for the Middle District of Florida, Tampa Division."  (Although both courts specified are in Florida, a party was allowed to bring suit in Kansas courts.)

- "All sums due and payable and all rights enforceable hereunder, **shall be** ... enforceable in Denton County, Texas."

- "[Disputes are] subject to the law of the Netherlands. Each party agrees to submit to the jurisdiction of any court of competent jurisdiction within The Netherlands and to comply with all requirements necessary to give such Court jurisdiction. All matters arising hereunder **shall be** determined in accordance with the law and practice of such Court."

17

- "Franchise Owner stipulates that the courts of the State of Michigan **shall have** personal jurisdiction over its person, that it **shall submit** to such personal jurisdiction, and that venue is proper in Michigan."

*Id*., at *9-10 (footnotes and citations omitted, emphasis added in original).[6]  While not using the exact language of the clause in this matter ("venue will lie"), the examples show two things: mandatory language in forum selection clauses is generally stronger, using "shall" before lie and often indicating that venue is "only" or "exclusively" in the forum; and that in some contexts, even language indicating that venue "shall be" in a specified forum, without more, has been found permissive.  The closest example cited by *Irsik & Doll Feed Services* was from *Thompson v. Founders Grp. Int'l, Inc.*, 20 Kan. App. 2d 261, 265, 886 P.2d 904 (Kan. Ct. App. 1994), in which the court's lengthy discussion considered the clause that "any action … shall properly lie" in either of two named Florida courts. Applying Kansas law, which like here has as its primary rule of interpretation to "simply [give] the relevant language its plain meaning," the court found that "shall properly lie" plainly meant that suit could be brought in the specified forum, not that it must be.  *Id*., at 271.

---

[6] In *Irsik & Doll Feed Services*, the court ultimately ruled that the clause "mandatory venue for any action ... shall be in Gray County, Kansas" was mandatory.  *Id*., at *10.

18

In its reply and at oral argument, Alani also contended that the clause governs "jurisdiction and venue for *any* legal proceedings" (emphasis added), which further renders it mandatory, citing *Bustos v. Dennis*, 2017 WL 1049570, at *2 (W.D. Tex. Mar. 17, 2017) and *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 20 (1972). But this language merely indicates the scope of the agreement. The cases cited by Alani still turned on the language "will be governed by" and "must be treated," respectively. Both a mandatory and a permissive forum selection clause could govern "any legal proceeding"; therefore, such language is not informative.

Based on all of the above, the undersigned finds that the forum selection clause in question is unambiguously permissive. Of the cases considering language that venue "will lie in" a particular forum, *Deluca* is the most convincing. There, the court closely considered the definition of "lie," which if inserted into the clause, would mean that venue will "have foundation in the law" or "be legally supportable, sustainable, or proper" in Kentucky. This clearly indicates that the case at hand *could* have been brought in Kentucky, not that it was necessary. The *Kuhlman* court considered the same language and came to the opposite conclusion, but even then indicated that one of the two definitions of "lie" was indeed permissive. And *Kuhlman* is based on Michigan law, not Kentucky or federal

19

common law.  In sum, the Court finds the permissive definition of "lie" to be the better fit here, when speaking to jurisdiction and venue which, as noted above, can be legally proper in more than one forum.

Also persuasive, and arguably binding,[7] is the Kentucky Supreme Court's consideration of the word "will" in *Roberts*, described above.  That court found that while " 'shall,' of course, denotes a mandate," "will" is defined differently in a number of contexts and may indicate, among other things, consent; frequent, customary, or habitual action; or futurity.  *Roberts*, at 18-19.  Considering the difference between "will" and "shall," the contract's preceding sentence that the agreement "shall be construed under, and governed by, the laws of the State of Kentucky," gives even more credence to the permissive reading of the forum selection clause.  Finally, it would have been a simple matter to have more clearly indicated that the clause was mandatory, as shown above in cases stating that jurisdiction and venue "only" or "exclusively" lie in a specified forum.  Given that the contract was negotiated by two sophisticated parties, the Court should not imply exclusivity to the forum selection clause where it is not otherwise indicated.[8]

---

[7] As noted in the prior section, most Circuits consider a contract's chosen law (here, Kentucky) to apply to the interpretation of a forum selection clause.

[8] Alani also argues that the language that both parties "hereby submit" to the jurisdiction and venue of Kentucky courts indicates a mandatory forum, citing

In its reply, Alani argues that such an interpretation renders the clause

meaningless.  However, permissive forum selection clauses serve many purposes.

> In addition, we disagree with Libbra's argument that the forum
> selection clause becomes surplusage if read as permissive rather than
> mandatory.   A permissive forum selection clause in a negotiated
> contract between sophisticated actors is a risk management tool.  With
> such a clause, a defendant is more strongly deterred from challenging
> personal jurisdiction in a suit that is filed in the consented-to-
> jurisdiction than he or she would be if such a clause were absent.  This
> is the case even if it is later determined that jurisdiction would have
> been proper in the consented-to-jurisdiction under a traditional
> minimum contacts analysis.  The presence of the clause avoids the need
> to rely solely on the traditional minimum contacts analysis by providing
> a second, stronger basis for jurisdiction thereby minimizing the risk that
> anything more than a frivolous challenge to jurisdiction may arise.

*Dunne*, 330 F.3d at 1064; *see also Thompson*, 20 Kan. App. 2d at 271 ("This

interpretation does not render the clause meaningless … the clause secures the

franchiser's right to sue the franchisees in the franchiser's forum of choice.  Such a

guarantee may be necessary because Thompson is a Kansas citizen with only a few

contacts with Florida.").  Thus, the permissive clause guarantees that Alani can

bring suit based on the agreement with little fear of jurisdictional challenge, and

---

*Fluidtech, Inc. v. Gemu Valves, Inc.*, 457 F. Supp. 2d 762, 766 (E.D. Mich. 2006).
However, *Fluidtech* contains no discussion of mandatory and permissive forum
selection clauses and no analysis of whether submitting to one forum's jurisdiction
and venue precluded the applicability of another forum's.  Factoring in the absence
of other cases brought to the Court in support of this language indicating a
mandatory clause, this argument is unavailing.  Likewise, the fact that the clause
applies to "any legal proceeding" is not dispositive, because venue being proper for
any legal proceeding does not indicate that venue is improper elsewhere.

that other parties are incentivized to do so as well to avoid any such challenge, without foreclosing the possibility of bringing suit elsewhere.  For these reasons, the undersigned finds that the forum selection clause in question is permissive, not mandatory, and thus recommends that Alani's motion to dismiss be denied.

The above analysis is premised upon a finding that the forum selection clause is unambiguous and can be interpreted without resort to external factors. Neither party has argued for or against contract ambiguity, though IDI has noted that if it were to be found ambiguous, it should be construed against the drafter, Alani.  *See* ECF No. 16, PageID.313 (citing *Ford v. Syneron, Inc*., 2009 WL 10674885, at \*4 (E.D. Tenn. Feb. 19, 2009)).  Alani responds that the agreement specifically states that it "has been negotiated between the parties, each of whom had the opportunity to consult with legal counsel, and shall not be interpreted against either party as the 'drafter' thereof."  (ECF No. 9-1, PageID.220).  Neither party has presented external evidence regarding the interpretation of the clause. Thus, if it were ambiguous, the proper course would be to disregard the ambiguous clause and uphold IDI's decision to bring suit in Michigan, leading to the same result as the prior analysis.  *See DynCorp Int'l, LLC v. MD Helicopters, Inc.*, No. 5:18-CV-1166-LCB, 2019 WL 277359, at \*3 (N.D. Ala. Jan. 22, 2019).

Finding that the forum selection clause is permissive, the Court need not address its enforceability, which IDI did not challenge.

### B. Transfer Analysis under 28 U.S.C. § 1404

#### 1. General

Having determined that the forum selection clause permits venue in this district, the undersigned must consider Alani's alternative request for transfer of venue to the Western District of Kentucky, where it argues the matter should have been brought.  Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The Court may transfer the matter when "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties."  *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994).  In analyzing the second and third criteria, courts consider the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

23

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (quoting

*Pilates, Inc. v. Pilates Institute, Inc.,* 891 F.Supp. 175, 183 (S.D.N.Y.1995)).

The defendant bears the burden to show that a venue transfer is appropriate,

but "mere assertions or speculation, without evidence, are insufficient to meet this

burden." *IFL Grp. Inc. v. World Wide Flight Serv., Inc.*, 306 F. Supp. 2d 709, 714

(E.D. Mich. 2004). The burden is a heavy one, and requires the moving party to

show that the balance of factors weighs strongly in favor of transfer. *Steelcase,*

*Inc. v. Smart Techs, Inc.,* 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004). Finally,

the plaintiff's choice of forum deserves "foremost consideration," and should not

be disturbed unless the balance of factors strongly favors the defendant. *W. Am.*

*Ins. Co. v. Potts*, 908 F.2d 974 (6th Cir. 1990) (citing *Nicol v. Koscinski,* 188 F.2d

537 (6th Cir. 1951)).

## 2. Application

Citing the Supreme Court's ruling in *Atlantic Marine Const. Co. v. U.S.*

*Dist. Court for Western Dist. of Texas*, 571 U.S. 49 (2013), Alani argues that the

traditional analysis for transfer is altered where there is a valid forum selection

clause. As summarized in *Holtzman v. Vill. Green Mgmt. Co. LLC*, No. 2:19-CV-

11150, 2020 WL 264331, at *5 (E.D. Mich. Jan. 17, 2020), *Atlantic Marine*

mandates that a valid forum selection clause renders the plaintiff's choice of forum

with no weight, shifts the burden to the plaintiff to show that the transfer is not appropriate, and acts as waiver of plaintiff's argument that the selected forum is inconvenient, leaving only public-interest factors for the Court to consider in favor of retaining jurisdiction and venue. "The Court thus considers only the public-interest factors relevant to dismissal or transfer, which will 'rarely defeat a transfer [or forum non conveniens] motion' based on a valid forum-selection clause." *Id.* (quoting *Atlantic Marine*, at 64-65).

It appears that although *Atlantic Marine* did not address the distinction between permissive and mandatory forum selection clauses, the majority view is that this analytical shift takes place only with mandatory clauses. *See Scepter, Inc. v. Nolan Transportation Grp., LLC*, 352 F. Supp. 3d 825, 832 (M.D. Tenn. 2018). *Scepter* cites *Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Par.*, which in turn collects numerous district court cases treating the mandatory versus permissive distinction as a threshold issue. 48 F. Supp. 3d 894, 909–10 (E.D. La. 2014). Similarly, in *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, the Fourth Circuit found that "the [*Atlantic Marine*] Court's rationale makes clear that … only a mandatory forum selection clause modifies the *forum non conveniens* framework," joining the First, Second, Fifth, and Eleventh Circuits in so finding. 884 F.3d 463, 471 (4th Cir. 2018), *as*

amended (Mar. 27, 2018).  And while the case cited by Alani, *Holtzman*, did not

address the distinction, it did consider a forum selection clause that would be found

mandatory by most courts.  *Holtzman*, 2020 WL 264331, at *3 ("all actions or

proceedings arising out of or relating to this agreement … *shall be litigated in such*

*courts*. (emphasis added)).[9]

Not every court agrees that the analysis does not change with a permissive

clause.  *See Enkema v. FTI Consulting, Inc.*, No. 3:15-1167, 2016 WL 951012, at

*3 (M.D. Tenn. Mar. 14, 2016), *report and recommendation adopted,* No. 3-15-

01167, 2016 WL 9711919 (M.D. Tenn. Apr. 6, 2016) ("But the broad language of

the *Atlantic Marine* Court does not indicate that there is any distinction in analysis

between a mandatory clause and a permissive clause."); *United American*

*Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 750 (E.D. Mich. 2014)

("Defendants have cited no authority showing that this distinction is even relevant

in this jurisdiction, nor any authority showing that such a distinction would change

this Court's analysis of a section 1404 issue.").  However, the Court agrees with

*BAE Sys. Tech. Sol. & Servs*, and the majority of cases outside of this jurisdiction

---

[9] *Atlantic Marine*, too, dealt with a mandatory clause.  "This subcontract included a forum-selection clause, which stated that all disputes between the parties '*shall be litigated* in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division.' "  571 U.S. at 53 (emphasis added).

that have considered the issue, that the language from the *Atlantic Marine* Court supports the change of analysis only when dealing with a mandatory forum selection clause.  *See* 57 U.S. at 63 (suggesting the modified framework applies "when a plaintiff agrees by contract to bring suit *only* in a specified forum" (emphasis added)); *id.*, at 66 n.8 (modified framework applies "when the plaintiff has violated a contractual obligation by filing suit in" another forum).

The proper analysis then gives IDI's choice of forum the foremost consideration, and places a heavy burden on Alani to show that the balance of properly considered factors weigh strongly in favor of transfer.  Alani does not meet this burden.

The one factor in Alani's favor is the choice-of-law provision of the agreement, which applies Kentucky law.  As Alani notes, "[i]t is axiomatic that the construction of state law is best given to a court most familiar with it." *Detroit Coke Corp. v. NKK Chem. USA, Inc*., 794 F. Supp. 214, 219 (E.D. Mich. 1992). But as a factor regarding the interests of justice, a choice-of-law provision is not controlling.  *Hockman v. Schuler*, No. 07-CV-14268, 2008 WL 724274, at *6 (E.D. Mich. Mar. 18, 2008).  This Court is fully capable of applying Kentucky law to the dispute where necessary, and Alani shows no other factors in favor of transfer.  Though Alani attempts to show that court congestion would also favor

27

transfer, due to more pending cases and average filed cases in the Eastern District of Michigan than the Western District of Kentucky, (ECF No. 12, PageID.276-277, citing ECF No. 12-1), Alani fails to note that the Eastern District of Michigan has over twice as many judges, (ECF No. 16, PageID.319).  Further, this factor simply carries little weight.  *See Diversified Metal Distributors, LLC v. AK Steel Corp.*, 2007 WL 403870, at *3 (E.D. Ky. Feb. 1, 2007) ("The Court disagrees with the Plaintiff's argument that this factor weighs heavily against a transfer based solely on the fact that some judges in the Southern District of Ohio have more cases than some judges in the Eastern District of Kentucky.  The mere fact that the caseload is higher does not show congestion of the courts, thus, this factor is neutral").

Lastly, Alani argues that "the public has an interest in having local controversies adjudicated locally" and that "Kentucky entities that enter into agreements from foreign jurisdictions need to be assured that those agreements will be upheld."  (ECF No. 12, PageID.277).  But Alani fails to distinguish why this would not be a neutral consideration, given that the agreement was negotiated by both parties, and that IDI is a Michigan-based party.

Beyond the plaintiff's chosen forum, which is given preferred status under the transfer analysis, IDI argues that the other factors also favor this forum, in that the agreement governs the distribution and sales of product in Michigan, and the

alleged cause for termination of the agreement was IDI's failure to properly service certain counties in Michigan.  (ECF No. 16, PageID.318).  Alani has not rebutted these assertions or IDI's other arguments against transfer in its reply.  (ECF No. 18).  For these reasons, the undersigned recommends that Alani's request to transfer this matter to the Western District of Kentucky be denied.

V.  Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that Alani's motion to dismiss or transfer this matter (ECF No. 12) be **DENIED**.


Dated: May 28, 2021                                      s/Kimberly G. Altman
Detroit, Michigan                                        KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge

**<u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

29

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager